IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-561-D

TRACY WOODY, )
)
Plaintiff, )
)
v. ) **ORDER**
)
AMERICAN GENERAL FINANCIAL )
SERVICES, INC., )
)
Defendant. )

Tracy Woody ("plaintiff" or "Woody") is a serial, pro se filer of meritless complaints.[1] On August 6, 2009, Woody (proceeding pro se) filed a complaint in Wake County Superior Court seeking to rescind her mortgage loan [D.E. 1-3, 1-4]. She alleges that when she obtained the mortgage loan from Equity One Mortgage Services, Inc. ("Equity One"), a non-party to this

---

[1] See, e.g., Woody v. Advanced Internet Mktg., Inc., No. 5:02-CV-675-H (E.D.N.C. July 26, 2006) (dismissing for Woody's failure to comply with Federal Rules of Civil Procedure); Woody v. Greenwood Trust Co., No. 5:04-CV-293-BO (E.D.N.C. June 3, 2004) (dismissing as frivolous); Woody v. Cent. Carolina Bank & Trust Co., No. 5:02-CV-757-BO (E.D.N.C. Aug. 15, 2003) (granting summary judgment in favor of defendants); Woody v. U. S. Merchant Sys., Inc., No. 5:02-CV-172-BR (E.D.N.C. May 27, 2003) (granting summary judgment in favor of defendants); Woody v. Centura Bank, Inc., No. 5:02-CV-176-H (E.D.N.C. Apr. 23, 2003) (granting motion to dismiss); Woody v. Online Exch., Inc., No. 5:02-CV-185-BO (E.D.N.C. Oct. 18, 2002) (granting motion to dismiss); Woody v. Discover Fin. Servs., Inc., No. 5:02-CV-171-BO (E.D.N.C. Oct. 16, 2002) (granting motion to dismiss); Woody v. HMCC, Inc., No. 5:02-CV-573-H (E.D.N.C. Oct. 3, 2002) (remanding as a result of Woody's improper removal of her own case); Woody v. Cent. Carolina Bank, No. 5:02-CV-556-BO (E.D.N.C. Aug. 20, 2002) (remanding as a result of Woody's improper removal of her own case); see also Woody v. MBNA Corp. Am. Bank, N.A., No. 5:02-CV-170-BO (E.D.N.C. Oct. 2, 2002) (dismissing for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and warning Woody that "repeated filing of baseless claims is a nuisance to the court"). In light of Woody's repeated vexatious filings, the court has imposed a pre-filing injunction against her. See Woody v. Greenwood Trust Co., No. 5:04-CV-293-BO (E.D.N.C. June 3, 2004). Woody avoided the effects of the pre-filing injunction by filing in state court [D.E. 1-3]. Defendant properly removed the case.

litigation, Equity One made various disclosure violations under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, and the Federal Reserve Board's Regulation Z, 12 C.F.R. § 226.1–.58. See Compl. ¶¶ 2–5, 7.[2] Woody alleges that because Equity One assigned its interest in the mortgage loan to American General Financial Services, Inc. ("defendant" or "American General"), American General is liable for Equity One's alleged TILA and Regulation Z violations. Id. Additionally, Woody claims that American General violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Id. ¶ 10. American General removed the case to this court and moves to dismiss for failure to state a claim [D.E. 9]. As explained below, American General's motion to dismiss is granted.

I.

On December 14, 2007, Woody obtained a mortgage loan ("loan") from Equity One. See Mot. to Dismiss Attach. A (loan documents). At that time, Equity One provided Woody with several disclosure documents concerning her loan, including the final truth-in-lending disclosure statement ("TILA disclosure statement"), two notices of the right to cancel, and the HUD-1 settlement statement. Id. Woody signed each of these documents. Id. American General thereafter acquired Equity One's interest in Woody's loan. See Compl. ¶¶ 1–3.

In the TILA disclosure statement that Equity One provided, Woody was advised of the annual percentage rate ("APR"), the finance charge, the amount financed, the total payment amount, the loan payment schedule, and the real property in which Equity One had a security interest. Mot. to Dismiss Attach. A, at 1 (loan documents). Woody now alleges that Equity One failed to disclose the loan payment schedule and failed to provide her with other various documents, including a

---

[2]Two paragraphs in Woody's complaint are numbered "6." The second paragraph 6 will be referred to herein as paragraph 7.

"Privacy Notice," a "Guide to Lending," a "Credit Score Notice," and a "USA Patriot Act Disclosure." Compl. ¶ 2. Woody also alleges that Equity One "did not verify [her] ability to repay [her] loan in accordance [with] 12 C.F.R. 226 et. [s]eq. (Regulation Z) 125(f) of the act." Id. ¶ 3. Woody argues that she is entitled to rescind the loan under TILA, as amended by the Home Ownership Equity Protection Act ("HOEPA"), and that her loan violates "CRS 38-40-105." Id. ¶¶ 3–5. In addition, Woody alleges that American General violated the FRCA by "inaccurately reporting late history activity status to the credit bureaus against [her] credit report." Id. ¶ 10.

American General filed a motion to dismiss for failure to state a claim [D.E. 9]. Woody responded in opposition [D.E. 15], and American General replied [D.E. 18].

## II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v.

3

Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The court construes allegations in a pro se complaint liberally. See, e.g., Erickson, 551 U.S. at 94. However, "[w]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir.1990) (quotations omitted).

Woody claims that American General violated Regulation Z and TILA, as amended by HOEPA, because Equity One allegedly failed to provide her with the loan payment schedule and other various documents, including a "Privacy Notice," a "Guide to Lending," a "Credit Score Notice," and a "USA Patriot Act Disclosure." Compl. ¶¶ 2–4.

TILA requires creditors to make certain disclosures about loans and associated costs, to enable consumers "to compare more readily the various credit terms available," "avoid the uninformed use of credit," and avoid "inaccurate and unfair credit billing." 15 U.S.C. § 1601(a); see generally id. §§ 1601–1667f. HOEPA, which amended TILA, requires creditors to make additional disclosures to borrowers of "high-cost" or "high-rate" loans. See id. § 1639; Cunningham v. Nationscredit Fin. Servs. Corp., 497 F.3d 714, 717 (7th Cir. 2007).[3] HOEPA also requires "creditor[s]" to make certain disclosures in consumer credit transactions to the prospective borrower. 15 U.S.C. §§ 1631–1632, 1635. Specifically, creditors must make "material disclosures," including (1) "the annual percentage rate," (2) "the method of determining the finance charge and the balance

---

[3] A high-cost HOEPA loan is "a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction . . . if . . . the total points and fees payable by the consumer at or before closing will exceed the greater of . . . 8 percent of the total loan amount; or . . . $400." 15 U.S.C. § 1602(aa)(1). "Points and fees" include "all compensation paid to mortgage brokers." Id. § 1602(aa)(4)(B).

4

upon which a finance charge will be imposed," (3) "the amount of the finance charge," (4) "the amount to be financed," (5) "the total of payments," (6) "the number and amount of payments," (7) "the due dates or periods of payments scheduled to repay the indebtedness," and (8) if the loan is covered by HOEPA, the disclosures required by section 1639(a). 15 U.S.C. §§ 1602(u); see id. § 1639(a).

The Federal Reserve Board, the agency charged with administering TILA, has adopted Regulation Z to implement TILA's mandates and methods of disclosure. See 12 C.F.R. § 226.1. The Federal Reserve Board provides the following illustration showing a creditor's compliance with the form and timing requirements of 12 C.F.R. § 226.17:

> A creditor gives a consumer a multiple-copy form containing a credit agreement and TILA disclosures. The consumer reviews and signs the form and returns it to the creditor, who separates the copies and gives one copy to the consumer to keep. The creditor has satisfied the disclosure requirement.

67 Fed. Reg. 16980, 16983 (Apr. 9, 2002).

TILA defines a "creditor" as "only . . . a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement . . . ." 15 U.S.C. § 1602(f). Similarly, Regulation Z defines a "creditor" as "[a] person who regularly extends consumer credit . . . , and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.2(a)(17)(i) (footnote omitted).

American General is not a "creditor" according to section 1602(f) and Regulation Z, because American General is not "the person to whom the debt arising from [the mortgage loan] is initially payable" on the face of the loan documents. See Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263,

5

269–73 (4th Cir. 2008); 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(a)(17)(i). The loan documents show that Woody's mortgage loan was initially payable to Equity One, not American General. See Mot. to Dismiss Attach. A (loan documents). Accordingly, Woody has failed to state a claim against American General under TILA or Regulation Z.

Woody also alleges that, when she obtained the loan from Equity One, Equity One "misle[d]" her to assess "excessive interest and costs" without "regard to [Woody's] true ability to repay," which, she alleges, "is a state violation (CRS 38-40-105)." Compl. ¶ 4. Woody believes that "[a]ccording to CRS 38-40-105 [l]enders can not extend credit to individuals without regard to their ability to repay the loan." Id. ¶ 5.

The statute that Woody cites, C.R.S. § 38-40-105, is a Colorado statute that prohibits a "mortgage broker or mortgage originator" from providing mortgage loans "without regard to the consumer's ability to repay" in certain situations. See C.R.S. § 38-40-105. However, American General is not the mortgage broker or mortgage originator of Woody's loan. Compl. ¶ 1. Furthermore, Colorado law does not apply to Woody's loan. See id. 1 (alleging that subject property is located in North Carolina); cf. Washington Metro. Area Transit Auth. v. Potomac Inv. Props., Inc., 476 F.3d 231, 234 (4th Cir. 2007); United States v. Landmark Park & Assocs., 795 F.2d 683, 685–86 (8th Cir. 1986). Accordingly, Woody's Colorado-law claim fails.

Finally, Woody alleges that American General inaccurately reported her account as late and thereby violated the FCRA. See Compl. ¶ 10. Under the FCRA, an entity, such as American General, that furnishes information to a consumer reporting agency, has a duty "to provide accurate information." 15 U.S.C. § 1681s-2(a). Under section 1681s-2(a), the FCRA "prohibits any person from furnishing information to a [credit reporting agency] that the person knows is inaccurate." Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 148 (4th Cir. 2008). Additionally,

6

"any person who 'regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies' must correct and update the information provided so that it is 'complete and accurate.'" Id. (quoting 15 U.S.C. § 1681s-2(a)(2)).

Although section 1681s-2(a) imposes an affirmative duty to furnish accurate information to credit reporting agencies, there is no private right of action for breach of that duty. Id. at 149; Chiang v. Verizon New England Inc., 595 F.3d 26, 35 (1st Cir. 2010); Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002); see 15 U.S.C. §1681s-2(c)(1) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title [providing a private right of action for willful and negligent violations] do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder."). Accordingly, because Congress did not create a private right of action for the violation that Woody alleges, Woody's FCRA claim fails.

III.

Woody's complaint fails to state a claim upon which relief can be granted. Accordingly, the court GRANTS American General's motion to dismiss [D.E. 9].

SO ORDERED. This 28 day of May 2010.

JAMES C. DEVER III
United States District Judge

7